IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br>M & G USA CORPORATION, et al.,[1]<br>　　　　　Debtors. | :<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 17-12307 (BLS)<br>(Jointly Administered) |

### ORDER (I) APPROVING (A) DISMISSAL OF CHAPTER 11 CASES OF M&G CAPITAL S.À R.L., M&G CHEMICALS S.A. AND MOSSI & GHISOLFI INTERNATIONAL S.À R.L. AND (B) RELATED STIPULATION AMONG DEBTORS AND CREDITORS' COMMITTEE AND (II) GRANTING RELATED RELIEF

This Court has considered (I) the *Motion of Debtors M&G Capital S.à r.l., M&G Chemicals S.A. and Mossi & Ghisolfi International S.à r.l. for an Order Dismissing Their Chapter 11 Cases and Granting Related Relief* (Docket No. 1537) (the "Motion to Dismiss");[2] the *Objection of Bancomext to Motion of Debtors M&G Capital S.à r.l., M&G Chemicals S.A. and Mossi & Ghisolfi International S.à r.l. for an Order Dismissing Their Chapter 11 Cases and Granting Related* (Docket No. 1673) (the "Bancomext Objection") filed by Banco Nacional de Comercio Exterior, S.N.C. Institución de Banca de Desarrollo ("Bancomext"); the *Objection of the Official Committee of Unsecured Creditors to the Motion to Dismiss the Luxembourg Debtors Chapter 11 Cases* (Docket No. 1675) (the "Committee Objection") filed by the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"); the *Reply of Debtors M&G Capital S.à r.l., M&G Chemicals S.A. and Mossi & Ghisolfi*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

*International S.à r.l. for an Order Dismissing their Chapter 11 Cases and Granting Related* (Docket No. 1690); and (II) the *Debtors' Motion for Entry of an Order Approving Stipulation Between Debtors and Creditors' Committee Regarding Settlement and Agreement With Respect to Motion to Dismiss* (the "<u>9019 Motion</u>" and, together with the Motion to Dismiss, the "<u>Motions</u>") and the statements of counsel and the evidence adduced with respect to the Motions at the hearings held before this Court (the "<u>Hearing</u>").  This Court has been advised that: (i) the Debtors and the Committee have resolved the Committee Objection to the Motion to Dismiss pursuant to the terms of the *Stipulation Between Debtors and Creditors' Committee Regarding Settlement and Agreement with Respect to Motion to Dismiss*, a copy of which is attached hereto as <u>Exhibit A</u> (the "<u>Committee Settlement Agreement</u>"); and (ii) Bancomext has agreed to withdraw the Bancomext Objection pursuant to and in accordance with a settlement among the Debtors, the Committee and Bancomext (the "<u>Bancomext Settlement</u>"), the terms of which are described in the Mediation Term Sheet dated August 2, 2018 (Docket No. 1738). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motions and the Hearing was sufficient under the circumstances, (v) cause exists to dismiss the Luxembourg Debtors' chapter 11 cases, (vi) the terms of the Committee Settlement Agreement provide the Luxembourg Debtors with fair value for the obligations they will incur thereunder (which obligations shall not be subject to avoidance under the Bankruptcy Code or any similar provisions of law), (vii) the terms of the Committee Settlement Agreement are fair and reasonable and each Debtor's entry into the Committee Settlement Agreement is a reasonable exercise of such Debtor's business judgment, and (viii) subject to, and in accordance with the

terms of the Committee Settlement, the dismissal of the Luxembourg Debtors' chapter 11 cases is in the best interests of the Luxembourg Debtors' estates and creditors. After due deliberation, this Court has determined that the legal and factual bases set forth in the Motions, the exhibits thereto and at the Hearing establish good and sufficient cause for the relief granted herein;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The 9019 Motion is GRANTED, as set forth herein.

2. The Committee Settlement Agreement is approved in all respects and binding on the parties thereto, whether or not any provision thereof is restated herein, and the Debtors and the Committee are authorized to enter into the Committee Settlement Agreement and to act in accordance with the terms set forth therein.

3. The Motion to Dismiss is GRANTED, as set forth herein; the Committee Objection is RESOLVED pursuant to and in accordance with the Committee Settlement Agreement, and the Bancomext Objection is WITHDRAWN pursuant to and in accordance with the Bancomext Settlement.

4. The chapter 11 cases of M&G Capital S.à r.l. (Case No. 17-12317 (BLS)), M&G Chemicals S.A. (Case No. 17-12316 (BLS)) and Mossi & Ghisolfi International S.à r.l. (Case No. 17-12315 (BLS)) (collectively, the "Luxembourg Cases") are hereby dismissed effective as of the earlier of (a) the date upon which a final and non-appealable order is entered approving a resolution of the Mexican Intercompany Claims (as defined in the Committee Settlement Agreement); and (b) the occurrence of the effective date of the U.S. Debtors' Plan. In each case, such dismissal is without prejudice to the Luxembourg Debtors' rights to file future cases under chapters 7 or 11 of the Bankruptcy Code.

5. No later than two business days following the effectiveness of dismissal of the Luxembourg Cases, the Luxembourg Debtors shall file a notice of dismissal of the Luxembourg

Debtors' chapter 11 cases (the "<u>Dismissal Notice</u>") on the docket of the above-captioned chapter 11 cases and serve the Dismissal Notice on: (a) the U.S. Trustee; (b) the Committee and its counsel, Milbank, Tweed, Hadley & McCloy LLP; (c) any federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa, the DIP Lender and its counsel, Cleary Gottlieb Steen & Hamilton LLP; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing; and (h) all other parties listed on the master service matrix maintained by the claims and noticing agent in these chapter 11 cases.

      6.      From and after the entry of this Order, and subject to the terms of the Committee Settlement Agreement, the Debtors and any of their respective directors, officers, employees, attorneys, consultants and advisors shall neither have nor incur any liability to any person for any act taken or omitted, or to be taken, in connection with the dismissal of the Luxembourg Debtors' chapter 11 cases including, but not limited to, seeking and effectuating the dismissal of the Luxembourg Debtors' chapter 11 cases, including (but not limited to), the formation, preparation, dissemination, approval, implementation or consummation of the Motion to Dismiss and this Order; <u>provided, however,</u> that the foregoing provision shall not affect the liability of any person that otherwise would result from any such act or omission to the extent that the act or omission is determined in a final order of a court of competent jurisdiction to have constituted willful misconduct, gross negligence or violation of law.

7. To the extent of any conflict between this Order and the Committee Settlement Agreement, the terms of the Committee Settlement Agreement shall control.

8. Notwithstanding anything in section 349(b) of the Bankruptcy Code to the contrary, each of: (a) the Corpus Christi Sale Order; (b) the Brazil Settlement Order; (c) the *Order Approving Settlement Agreement By and Between M&G Finanziaria S.p.A., M&G Polimeri S.p.A., M&G Chemicals S.A., Magnate S.à r.l., Mossi & Ghisolfi S.à r.l. and Chemtex International Inc.* (Docket No. 1593); (d) the *Order Approving Stipulation Regarding Settlement and Agreement with Respect to Sale of Corpus Christi Assets and Related Matters* (Docket No. 1299); and (e) the *Final Order (I) Authorizing Certain Debtors to Incur Postpetition Secured Superpriority Indebtedness Pursuant to Sections 105(a), 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d); (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (Docket No. 1366) (collectively, the "Prior Orders") shall remain in full force and effect, including as to MGI, and the provisions of such orders shall survive the dismissal of the Luxembourg Debtors' chapter 11 cases.

9. This Order shall be effective immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order and the Prior Orders.

Dated: Sept 13, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge